business'' of an organization as yet without either. It provides for the payment of the entire capital of the proposed corporation by an arbitrary determination of the cash value of that which from its very nature, under the circumstances, could have only an uncertain and speculative value, if any. Intangible property or property with no ascertainable market value can be valued only at such a price as could be realized by selling it to others. In so holding we are in harmony with what was said in *Gillett v. Chicago Title & Trust Co.,* 230 Ill. 373.

In this view of the matter it is unnecessary to note other considerations presented and argued.

For the reason that the contract in question is non-enforceable, complainants are not entitled to the relief sought. The demurrers were properly sustained, and the order dismissing complainants' amended and supplemental bill is affirmed.

*Affirmed.*

---

**Tony Rosetti and Vincent Manno, copartners, trading as Tony Rosetti & Company Labor Agency, Defendants in Error, v. Chicago, Rock Island & Pacific Railway Company et al., Plaintiffs in Error.**

**Gen. No. 22,528.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917. Rehearing denied January 22, 1917.

### Statement of the Case.

Action by Tony Rosetti and Vincent Manno, copartners, trading as Tony Rosetti & Company Labor

Agency, plaintiffs, against the Chicago, Rock Island & Pacific Railway Company, a corporation, Rock Island Lines and the Chicago, Rock Island & Pacific Railroad Company, a corporation, defendants, to recover for breach of a contract under which plaintiffs agreed to furnish laborers, whom the defendants agreed to employ and furnish transportation to. From a judgment for plaintiffs for eighty-six dollars, defendants bring error.

CHARLES T. SCHWARZ, for plaintiffs in error.

CYRUS J. WOOD, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 385*—*when evidence is insufficient to show contract with employment agency for the employment of laborers and the furnishing of transportation therefor.* In an action by an employment agency against a railroad company, evidence consisting of letters written by officers of the defendant to plaintiff stating that they could use a certain number of men and that transportation would be furnished, *held* sufficient to show a contract for the employment of laborers and for the furnishing of transportation therefor:

2. MASTER AND SERVANT, § 19*—*what names of employees must be placed upon register of employment agency.* Under J. & A. ¶ 5322 et seq., relating to private employment agencies, only the names of those employees whose applications for employment have been accepted must be registered on the books of the employment· agencies.

3. MASTER AND SERVANT, § 19*—*when person contracting for service of laborers is estopped to claim that names of rejected laborers have not been formally registered.* A railroad company, defendant in an action by an employment agency to recover for breach of a contract for the furnishing of laborers, resulting in plaintiff being compelled to return registration fees to such em-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ployees, cannot avail itself of the defense that the names of such rejected employees were not placed upon the register of the employment agency so as to entitle the agency to a registration fee, where the names of such employees were not and could not legally be placed upon the register owing to the fact that defendant failed to comply with its agreement to take such laborers.

## City of Chicago, Defendant in Error, v. Fred Smith, Plaintiff in Error.

### Gen. No. 22,532.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917. Rehearing denied January 22, 1917.

### Statement of the Case.

Prosecution by the City of Chicago, plaintiff, against Fred Smith, defendant, for keeping a common gaming house in the City of Chicago. From a judgment of guilty and assessing a fine of fifty dollars, the defendant brings error.

HENRY M. SELIGMAN, for plaintiff in error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*how evidence in prosecution for keeping a common gaming house may be preserved.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.